UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN GROVE MALLOY,<br><br>Plaintiff,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | Case No: 19-cv-07995 SBA<br><br>Related Case No: 20-cv-07312 SBA<br><br>**ORDER TO SHOW CAUSE WHY IFP ACTION SHOULD NOT BE DISMISSED AS DUPLICATIVE** |

I.  **PROCEDURAL HISTORY**

   A.   **THE IFP ACTION**

On December 12, 2019, Plaintiff Stephen Grove Malloy ("Plaintiff"), proceeding pro se, filed in this Court an action against more than fifty defendants, Dkt. 1, along with an application to proceed in forma pauperis ("IFP"), Dkt. 2.  Magistrate Judge Thomas S. Hixon, who was then presiding over the action, granted Plaintiff's application to proceed IFP. Dkt. 6.  Magistrate Judge Hixon then screened the Complaint pursuant to 28 U.S.C. § 1915(e), finding that it failed to state a claim. Id.  On January 30, 2020, Plaintiff filed an Amended Complaint, Dkt. 7, which Magistrate Judge Hixon also found wanting, Dkt. 8.

On April 9, 2020, Plaintiff filed the operative Second Amended Complaint ("SAC"). Dkt. 12.  The SAC alleges thirteen causes of action for: (1) race discrimination; (2) disabled veteran discrimination; (3) gender discrimination; (4) sex discrimination; (5) retaliation; (6) sexual orientation discrimination; (7) age discrimination; (8) sexual harassment; (9) breach of contract; (10) violation of the Equal Pay Act; (11) defamation; (12) violation of Title IX; and (13) injunctive relief.  Magistrate Judge Hixon issued a Report & Recommendation ("R&R") screening the SAC. Dkt. 13.  The R&R remains pending.

### B. THE REMOVED ACTION

In the meantime, on March 23, 2020, Plaintiff filed what appears to be an identical action against the same defendants in the Superior Court of the State of California, County of San Francisco. Case No. 20-cv-07321-SBA, Dkt. 1, Ex. A ("Complaint"). The Complaint in that action is based on the same factual allegations and alleges thirteen causes of action for: (1) race discrimination; (2) disability discrimination; (3) protected veteran discrimination; (4) sexual orientation discrimination; (5) gender discrimination; (6) age discrimination; (7) retaliation; (8) sexual harassment; (9) breach of contract; (10) violation of the Equal Pay Act; (11) defamation; (12) violation of Title IX; and (13) injunctive relief.

The defendants appeared in the second action, and, on October 10, 2020, removed it to this Court. Case No. 20-cv-07321-SBA, Dkt. 1. On October 26, 2020, the defendants filed a motion to dismiss the Complaint, which is not yet fully briefed. Id., Dkt. 9. On November 2, 2020, the Court issued an order relating the two actions. Id., Dkt. 11.

## II. DISCUSSION

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (citing Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688-89 (9th Cir. 2007)). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Adams, 487 F.3d at 688 (quotation marks and citation omitted). It appears that the two actions filed by Plaintiff are indeed duplicative. See id. at 689 (providing that actions are duplicative where the causes of action and relief sought, as well as the parties or privies to the action, are the same). Thus, it is the Court's intention to dismiss one of the actions. See id. at 693-93 ("Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'") (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)).

The actions before the Court are both in their infancy.  In Case No. 19-cv-07995-SBA, Plaintiff proceeds IFP.  The Court shall dismiss an IFP action if it is: (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  An IFP complaint that merely repeats pending or previously litigated claims is subject to dismissal under § 1915(e)(2) as duplicative.  Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  Further, as the defendants have been served, appeared, and filed a motion to dismiss Case No. 20-cv-07312-SBA, screening of the operative complaint in the IFP action would be a waste of judicial resources.  Accordingly, the Court finds dismissal of Case No. 19-cv-07995-SBA appropriate.  See Adams, 487 F.3d at 692 ("In a situation such as here, where one district court had duplicative suits contemporaneously pending on its docket, we conclude, as did the Supreme Court in an analogous situation, that '[n]ecessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower court[].'") (quoting Kerotest, 342 U.S. at 183-84); see also M.M., 681 F.3d at 1091 (affirming dismissal of duplicative claims in earlier filed action).

### III.   CONCLUSION

In view of the foregoing, IT IS HEREBY ORDERED THAT Plaintiff shall show cause why Case No. 19-cv-07995-SBA should not be dismissed with prejudice as duplicative of Case No. 20-cv-07312-SBA.  Plaintiff shall file a written response, not to exceed 5 pages (exclusive of the table of contents, table of authorities, exhibits, and declarations, if required) by no later than November 27, 2020.  **Plaintiff is warned that the failure to timely comply with this order will result in the DISMISSAL of Case No. 19-cv-07995-SBA with prejudice and without further notice.**

The Clerk shall file a copy of this order in Case No. 20-cv-07312-SBA.

IT IS SO ORDERED.

Dated: November 6, 2020

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge