UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN GROVE MALLOY,<br><br>Plaintiff,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | Case No:  19-cv-07995 SBA (CLOSED)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS RE: DOCKET REPRODUCTION AND RECONSIDERATION**<br><br>Dkt. 58, 59, 60 |
| STEPHEN GROVE MALLOY,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No: 20-cv-07312 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS RE: AN EXTENTION, DOCKET REPRODUCTION AND RECONSIDERATION; AND DIRECTING PLAINTIF TO FILE A FIRST AMENDED COMPLAINT**<br><br>Dkt. 56, 57, 59, 61 |

## I.   BACKGROUND

The procedural history of these related actions is set forth in detail in prior orders.  As is pertinent here, Plaintiff Stephen Grove Malloy ("Plaintiff"), proceeding pro se, filed an employment discrimination action in this Court against more than 50 defendants.  Case No. 19-cv-07995 ("Malloy I").  The assigned Magistrate Judge granted Plaintiff's application to proceed in forma pauperis ("IFP").  Thereafter, Plaintiff filed a seemingly identical action in the Superior Court of the State of California, County of San Francisco.  Case No. 20-cv-07321 ("Malloy II").  The defendants appeared in that action, removed it to this Court, and filed a motion to dismiss the Complaint.  The two actions were then related.

On August 18, 2021, an order issued dismissing Malloy I as duplicative.  Malloy I, Dkt. 50; Malloy II, Dkt. 39.  The order also granted the defendants' motion to dismiss the Complaint in Malloy II.  Plaintiff was directed to file an amended complaint within 30 days.

On August 20, 2021, Plaintiff filed a motion requesting a 6-month continuance on the ground that his medical provider had "temporarily disabled him from work[,] [including] case management, for treatment."  Malloy II, Dkt. 41 at 2.  He also filed a similar motion to extend the deadline to file an amended complaint from September 17, 2021 to March 17, 2022.  In place of a statement of facts, Plaintiff attached a letter from his medical provider.  Id., Dkt. 46-3.  The letter advised that Plaintiff suffers from medical conditions that might be expected to interfere with his ability to litigate the action and that treatment might extend up to 6 months.  The letter further stated it was reasonable for Plaintiff to refrain from litigation activity until he could access and complete said treatment.

On September 8, 2021, an order issued granting Plaintiff an extension.  Id., Dkt. 47.  The order noted that the medical provider's letter offered little detail.  Given the nature of the defects in Plaintiff's initial Complaint and the fact that no operative complaint was on file, there was some hesitancy to delay prosecution of the action.  Based on the limited information provided, however, the deadline to file an amended complaint was extended through March 17, 2022.  The order warned Plaintiff that "the deadline to file an amended complaint will not be extended indefinitely."  Id. at 4.  It further warned that "further extensions [would] not be granted absent truly exigent and unforeseen circumstances."  Id.[1]

Plaintiff did not file an amended complaint by March 17, 2022.  Instead, he filed an "ADA Motion" to extend his "medical leave" through May 1.  Id., Dkt. 54.  Plaintiff noted that he previously provided a letter from his medical provider confirming he was on medical leave through "March of 2022."  Id. ¶ 1.  According to Plaintiff, he "subsequently updated the court thru filings with the [district court] & Ninth Circuit that his medical leave go thru May 1,

---

[1] On September 18, 2021, Plaintiff filed a notice of appeal in both Malloy I and Malloy II.  On December 9, 2021, the Ninth Circuit dismissed Plaintiff's appeal in Malloy II for lack of jurisdiction.  The appeal in Malloy I remains pending.

2022." Id. ¶ 2.  He thus requested an extension through that date.  Id. ¶ 3.  In support of the motion, Plaintiff attached an order from his appeal in Malloy I wherein the Ninth Circuit extended his time to respond through May 1.

The order that followed explained that Plaintiff's motion was not adequately supported. Id., Dkt. 55.  It noted that the original letter from Plaintiff's medical provider supported an extension only through March 2022, and that Plaintiff offered no evidence to support a further extension.  It further noted that the granting of an extension in the Ninth Circuit, standing alone, did not support an extension in this action.  Nevertheless, out of an abundance of caution and in the interest of resolving the action on the merits, the requested extension was granted. Again, Plaintiff was cautioned that the deadline to file an amended complaint would not be extended indefinitely.  He also was warned that "no further extensions [would] be granted absent exigent and unforeseen circumstances," and that the failure to file an amended complaint within the time prescribed would result in dismissal under Federal Rule of Civil Procedure 41(b).  Id. (emphasis omitted).

To date, Plaintiff has not filed an amended complaint.  Instead, he filed a Motion to File Exigent & Unforeseen Medical Stay Extension, wherein he requested that the deadline to file an amended complaint in Malloy II be extended through August 1, 2022.  Id., Dkt. 56.  Also pending are Plaintiff's administrative motions: (1) to reproduce the entirety of the dockets in Malloy I, Dkt. 58, and Malloy II, Dkt. 57; (2) for leave to file motions for reconsideration in Malloy I, Dkt. 59, and Malloy II, Dkt. 59; and (3) to exceed the page limit and for oral argument on the motions for reconsideration in Malloy I, Dkt. 60, and Malloy II, Dkt. 61.

## II.   DISCUSSION

### A.   MOTIONS FOR DOCKET REPRODUCTION

In his motions for docket reproduction, Plaintiff notes he was granted IFP status in Malloy I.  He requests that, based on his IFP and disability statuses, the Court reproduce the entirety of the docket in both actions at a reduced rate or no charge.  According to Plaintiff, he requires a copy of each item on the dockets of both actions to provide pinpoint citations to prior

filings. Because he estimates that the filings number in the thousands of pages, he claims it is cost prohibitive for him to reproduce the same. He also requests a flash drive at no charge.

Plaintiff's motions for docket reproduction are denied on two grounds. First, Plaintiff's IFP status does not relieve him of the burden of paying litigation costs. "The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress….'" Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)). Congress has authorized an indigent litigant to proceed without payment of filing and service of process fees. 28 U.S.C. § 1915. "[T]he IFP statute does not authorize payment of litigation costs," however, "'implying that even IFP plaintiffs are expected to bear the burden of these expenses.'" Goodin v. Vercoe, No. 2:18-CV-0392-TOR, 2020 WL 8921002, at *1 (E.D. Wash. Mar. 10, 2020) (denying request to appoint investigator at public expense) (quoting Clinton v. Cal. Dep't of Corr., No. CIV S-05-1600-LKK-CMK-P, 2009 WL 210459, at *5 n.10 (C.D. Cal. Jan. 20, 2009)); Roberts v. Khounphixay, No. C19-014-MJP-MLP, 2020 WL 1904048, at *3 (W.D. Wash. Apr. 17, 2020) (denying request to print medical records at public expense), appeal dismissed, No. 20-35365, 2020 WL 4346910 (9th Cir. May 21, 2020).

Second, even if the Court has the authority to reduce or waive the printing fees at issue, Plaintiff does not demonstrate a need for reproduction of the requested records. As an e-filer, Plaintiff receives by email a PDF copy of all filings. He has not shown why he also requires a hard copy. Moreover, even if there were some demonstrated need for a hard copy, Plaintiff has not shown a need for reproduction of the entirety of the dockets in Malloy I and II. Notably, Malloy I is closed, and, at present, the only action required in Malloy II is the filing of an amended complaint. An amended complaint need not (and, in fact, should not) include citations to prior filings. Accordingly, Plaintiff's motions for docket reproduction are denied.

B. **MOTION FOR EXTENSION**

In his Motion to File Exigent & Unforeseen Medical Stay Extension in Malloy II, Plaintiff requests a further extension of the deadline to file an amended complaint. Rather than provide new evidence in support of a further extension, he identifies various purported errors

made by the Court in evaluating his prior extension requests.  In essence, Plaintiff argues that the original letter from his medical provider supports an extension until such time as it is rescinded.  If further information is required, Plaintiff notes that he authorized the Ninth Circuit to contact his medical providers directly and appears to extend that authorization to the district court.  He faults the district court and Ninth Circuit for not sharing with each other information pertinent to his requests and for failing to obtain further information from his medical providers.  Finally, Plaintiff asserts that he is permanently disabled and seeking treatment.

Yet again, Plaintiff's motion to extend what he refers to as a "medical stay" is unsupported.  As an initial matter, Plaintiff misapprehends the Court's prior assertions regarding his disability.  Plaintiff takes issue with use of the term "temporary disability," asserting that he is permanently disabled.  It was Plaintiff, however, who initially stated that his medical provider had "*temporarily* disabled him from work[,] [including] case management, for treatment."  Malloy II, Dkt. 41 at 2 (emphasis added).  Although Plaintiff may have a permanent disability (and the Court has made no determination to the contrary), the matter presently at issue is whether the condition that "temporarily disabl[ed]" him from litigation activity is ongoing.  Indeed, though disabled, Plaintiff was able to litigate this and the related action from December 2019 through August 2021.

At present, Plaintiff provides no evidence that the circumstances initially warranting an extension are ongoing.  Nor does the original letter from Plaintiff's medical provider support an extension beyond March 2022.[2]  The letter stated that Plaintiff's treatment might extend up to 6 months and that it was reasonable for him to refrain from litigation activity until he completed said treatment.  Plaintiff previously acknowledged as much.  Malloy II, Dkt. 54 ¶ 1 (stating the

---

[2] In an attachment to his motion, Plaintiff asserts that the Court disclosed this confidential medical letter to the defendants and the public in violation of HIPPA.  Malloy II, Dkt. 56-2.  As acknowledged by Plaintiff, however, he himself e-filed the letter on the public docket.  Although he asserts that the Court should have realized his error and rejected the filing, there is no mechanism by which it can perform such a screening; rather, documents e-filed by parties are directly posted to the docket.  Upon being notified of Plaintiff's error, the Court placed the letter under seal.  Id., Dkt. 47.  Thus, it is no longer on the public docket.

letter confirmed he was "on medical leave and unavailable to the Court due to treatment through March of 2022"). Although he faults the Ninth Circuit (and now this Court) for failing to obtain additional information directly from his medical providers, that is not a responsibility of the court. In fact, it would be improper for it to receive such evidence outside the record.

As noted by the defendants, the fact that Plaintiff has prepared various filings in this Court and on appeal since August 2021 suggests he is capable of litigating. Moreover, even if Plaintiff were to provide evidence showing the circumstances initially justifying an extension were ongoing, a further extension at this juncture is untenable. When a party files a lawsuit, he or she has a general duty to prosecute the action. <u>Mendez v. St. Alphonsus Reg'l Med. Ctr., Inc.</u>, No. 1:12-CV-00025-EJL, 2014 WL 6077608, at *7 (D. Idaho Nov. 13, 2014). Although an extension of limited duration was allowable, the Court emphasized that the filing of an amended complaint cannot be extended indefinitely. Plaintiff now has had one year to file an amended complaint. As the action cannot progress otherwise, continuous extensions would effectively constitute an indefinite stay, which are disfavored. <u>Dependable Highway Exp., Inc. v. Navigators, Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007).

In view of the foregoing, Plaintiff's motion for a further extension on medical grounds is denied. The above notwithstanding, Plaintiff will be granted **a brief, final opportunity** to file an amended complaint before the action is dismissed. Accordingly, Plaintiff shall file a first amended complaint by <u>**September 23, 2022**</u>. **If he fails to file an amended complaint within the time prescribed, the action <u>will be</u> dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), without further notice.** Alternatively, Plaintiff may file a motion to dismiss without prejudice under Rule 41(a)(2), or, if all appearing defendants agree, a stipulation for dismissal under Rule 41(a)(1)(ii). A motion or stipulation for voluntary dismissal under Rule 41(a) must be filed by <u>**September 23, 2022**</u>. **Plaintiff is warned that any motion seeking an extension (or other ancillary relief) will not suspend the deadline to file an amended complaint and may be summarily denied.**

### C. ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE MOTIONS FOR RECONSIDERATION & FOR OVERSIZED BRIEFS/ORAL ARGUMENT

Lastly, Plaintiff files motions for leave to file motions for reconsideration in both Malloy I and Malloy II, addressing matters related to the requested extension. As an initial matter, Malloy I is on appeal before the Ninth Circuit, and this Court has no jurisdiction over the administration of that docket. Insofar as Plaintiff seeks an extension of any deadlines imposed by the Ninth Circuit, he must seek relief before that court.

With regard to Malloy II, although Plaintiff's motion is styled as one for reconsideration, he seeks resolution of issues presented in his Motion to File Exigent & Unforeseen Medical Stay Extension. That motion is resolved by way of this order, and thus, is not properly the subject of a motion for reconsideration. See Fed. R. Civ. P. 60(b); N.D. Cal. Civ. L.R. 7-9. Accordingly, Plaintiff's motions for leave to file motions for reconsideration are denied.[3] For this reason, Plaintiff's ancillary motions to exceed the pages limits and for oral argument on the motions for reconsideration are also denied.

### D. OTHER MATTER

One final matter merits discussion. Plaintiff continues to assert that he alleged meritorious claims in his original complaint in Malloy II. Specifically, he takes issue with the dismissal of his complaint in Malloy II based on the issuance of a Report & Recommendation ("R&R") in Malloy I, which screened his pleading under 28 U.S.C. § 1915 and recommended that the Court find sufficient certain claims under Title VII and Title IX. Dkt. 13, Malloy I.

The screening process in Malloy I was undertaken without the benefit of briefing from the defendants. As other courts have recognized, "a defendant may challenge under Rule 12(b)(6) the claims of a plaintiff who has been granted in forma pauperis status even if the

---

[3] Insofar as Plaintiff complains of the delay is processing his request to extend what he refers to as a "medical stay," the Court notes that action on this matter was deferred to allow time for Plaintiff's case to be referred to the Legal Help Center. Plaintiff did not file an amended complaint by August 1, 2022 and has not sought an extension beyond that date. Thus, the brief delay in acting on his request for a further extension does not appear prejudicial. In effect, Plaintiff received an additional two months to prepare an amended pleading.

court has already reviewed those claims under 28 U.S.C. § 1915 and found them to be sufficient." Wilson v. Cnty. of Contra Costa, No. 14-CV-04726-JCS, 2015 WL 4880996, at *2 (N.D. Cal. Aug. 15, 2015) (citing Teaham v. Wilhelm, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007)). "[B]asic fairness weighs in favor of allowing Defendants to have their motion decided on the merits." Teaham, 481 F. Supp. 2d at 1120 (noting that, during screening, a complaint is liberally construed without the benefit of briefing from defendants). Indeed, the defendants' motion to dismiss Malloy II addressed matters not considered during the screening of Malloy I. For example, although the R&R found Plaintiff had pleaded the elements of a Title VII claim, the defendants moved to dismiss the same on the ground that such claims were untimely.

This explanation is provided so that Plaintiff may understand a) why the complaint in Malloy II was dismissed in its entirety despite the recommendation of the R&R in Malloy I that some claims be found sufficient, and b) that he cannot rely on his claims as originally pled. To proceed with this action, Plaintiff must file a first amended complaint that addresses the deficiencies discussed in Order re: Motions to Dismiss and Remand. Dkt. 39, Malloy II.

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motions for docket reproduction are denied.

2. Plaintiff's motion for a further extension in Malloy II is denied. Nevertheless, the Court will provide Plaintiff a brief, final opportunity to file an amended complaint before the action is dismissed. Plaintiff shall file a first amended complaint by **September 23, 2022**. Alternatively, he may file a motion or (if all appearing defendants agree) a stipulation for voluntary dismissal pursuant to Rule 41(a) **by that date**.

3. Plaintiff's motions for leave to file motions for reconsideration and to exceed the page limits and for oral argument on such motions are denied.

IT IS SO ORDERED.

Dated: September 12, 2022

*Saundra B. Armstrong* RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge